UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| Robert N. Harrison | ] | |
| Plaintiff | ] | |
| | ] | Case #: 3:25-CV-374 |
| v. | ] | |
| | ] | **JURY DEMANDED** |
| Equifax Information Services, LLC | ] | |
| Experian Information Solutions, Inc. | ] | |
| Trans Union, LLC | ] | |
| Discover DB, Inc DBA Discover Bank | ] | |
| | | |
| Defendants | | |

## COMPLAINT

Mr. Harrison, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1. This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2. This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4. The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

  a. Public record information;

  b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

  a. Public record information;

  b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

12. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

registered agent, and authorized to do business in the Commonwealth of Virginia.

13. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14. Discover DB, Inc. DBA Discover Bank a (hereinafter "Discover") is a Delaware chartered state bank. It is registered with the Virginia State Corporation Commission, and has a registered agent.

15. Upon information and belief Discover is a furnisher of information to Experian.

16. Discover will be referred to as "The Furnisher Defendant".

## FACTS

17. Plaintiff is an authorized user of a Discover account, but is not contractually liable.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

18. Discover reported the debt as due, owing and in default and a personal liability of plaintiff.

19. It is false to report that Mr. Harrison owes any money to Discover.

20. Plaintiff then disputed each account to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian.

21. On information and belief, each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, communicated with Discover and forwarded all relevant information.

22. On information and belief, upon receipt of the dispute from Equifax, Discover verified that the money was owed and that plaintiff was personally liable, not an authorized user.

23. On information and belief, upon receipt of the dispute from TransUnion, Discover, verified that the money was owed and that plaintiff was personally liable, not an authorized user.

24. On information and belief, upon receipt of the dispute from Experian, Discover verified that the money was owed and that plaintiff was personally liable, not an authorized user.

25. On information and belief, Equifax conducted no investigation of their own, and parroted the information provided by Discover.

26. On information and belief, TransUnion conducted no investigation of their own, and parroted the information provided by Discover.

27. On information and belief, Experian conducted no investigation of their own, and parroted the information provided by Discover.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

28. On information and belief, Discover failed to conduct a reasonable investigation into the account that plaintiff was an authorized user and not personally liable.

29. On information and belief, Equifax failed to have a procedure to assure maximum possible accuracy by allowing an account that was an authorized user account and not personally liable to remain on the credit file.

30. On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing an account that was an authorized user account and not personally liable to remain on the credit file.

31. On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing an account that was an authorized user account and not personally liable to remain on the credit file.

32. Plaintiff has disputed to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, explaining that Furnisher Defendant had failed to investigate into the ownership of the account.

33. On information and belief, The Furnisher Defendant failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account was not owed by the plaintiff.

34. On information and belief, The Furnisher Defendant has failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was not owed.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

35. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being charged an increased interest rate.

## COUNT ONE:
## CLAIM FOR RELIEF AS TO FURNISHER DEFENDANT
## 15 U.S.C. §1681s-2[b]

36. Plaintiff restates and re-alleges all previous paragraphs herein.

37. Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

38. Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

39. Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

40. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

41. Defendants have done so either negligently or willfully.

42. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

43. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT TWO
CLAIM FOR RELIEF As to Equifax, TransUnion and Experian.
15 U.S.C. §1681e[b]

44. Plaintiff restates and realleges all previous paragraphs herein.

45. Defendants have violated 15 U.S.C. §1681e[b] in that they failed to maintain a procedure to assure maximum possible accuracy.

46. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

47. Defendants have done so either negligently or willfully.

48. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

49. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT THREE
CLAIM FOR RELIEF As to Equifax TransUnion and Experian.
15 U.S.C. §1681i[a]

50. Plaintiff restates and realleges all previous paragraphs herein.

51. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in the plaintiff's credit file.

52. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

53. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

54. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

55. Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

56. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

57. Defendants have done so either negligently or willfully.

58. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

59. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Robert N. Harrison

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)