# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| **ROBERT N. HARRISON,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **3:25-cv-374** |
| **EQUIFAX INFORMATION SERVICES,** ) | |
| **LLC; EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.; TRANS UNION,** ) | |
| **LLC;  DISCOVER DB, Inc dba** ) | |
| **DISCOVER BANK;** ) | |
| ) | |
|    **Defendants.** ) | |

## **CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO DISCOVER BANK'S ANSWER AND AFFIRMATIVE DEFENSES**

Capital One, N.A., successor by merger to Discover Bank ("Discover"),[1] incorrectly identified in the Complaint as "Discover DB, Inc dba Discover Bank", by and through its undersigned counsel, without waiving and expressly preserving the right to demand arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and for its Answer to the Complaint of Plaintiff Robert N. Harrison ("Plaintiff"), states as follows:

In response to the statement below the heading "Complaint" and above the heading "Preliminary Statement," Discover admits that Plaintiff asserts claims against Discover for violation of the Fair Credit Reporting Act ("FCRA") but denies that Plaintiff's claims have any merit or that Discover violated any laws with respect to Plaintiff and demands strict proof thereof.

---

[1] Pursuant to a merger agreement, on May 18, 2025, Discover Bank merged into Capital One, N.A. with Capital One, N.A. as the surviving entity. Capital One, N.A. is the successor by merger to Discover Bank. As a result of the merger, Discover Financial Services merged into Capital One Financial Corporation, with Capital One Financial Corporation as the surviving entity.

## PRELIMINARY STATEMENT

1. Discover admits that Plaintiff purports to bring an action under the FCRA but denies the remaining allegations in paragraph 1, including that Plaintiff is entitled to the relief sought, and demands strict proof thereof.

## JURISDICTION, VENUE AND JURY DEMAND

2. The allegations of this paragraph contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Discover admits that the FCRA provides a basis for federal question jurisdiction under 28 U.S.C. § 1331; otherwise, denied.

3. The allegations of this paragraph contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

4. The allegations of this paragraph contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Discover admits that it conducts business in Virginia. Otherwise, denied.

5. Discover admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to a jury trial for reasons including the fact that Plaintiff and Discover agreed to arbitrate all claims arising from the subject Discover account.

## PARTIES

6. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

7. The allegations of this paragraph contain a legal conclusion and, therefore, no response is required. To the extent a response is required, Discover is without sufficient

information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

8. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

9. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint, including subparagraphs (a) and (b), and, therefore, denies the same and demands strict proof thereof.

10. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

11. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint, including subparagraphs (a) and (b), and, therefore, denies the same and demands strict proof thereof.

12. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

13. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint, including subparagraphs (a) and (b), and, therefore, denies the same and demands strict proof thereof.

14. Discover denies the allegations of the first sentence of this paragraph and demands strict proof thereof. In response to the second sentence of this paragraph, Discover admits that it

has a registered agent and that the records of the Virginia State Corporation Commission speak for themselves; otherwise, denied.

15. Whether Discover qualifies as a "furnisher" as defined by the FCRA is a legal conclusion to which no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny this allegation and, therefore, denies the same and demands strict proof thereof. Discover admits that it furnishes information pertaining to accounts held by its customers to consumer reporting agencies ("CRAs"), including Experian, as part of its business. Otherwise, denied.

16. Discover admits that Plaintiff intends to refer to Discover as "The Furnisher Defendant" but denies that the terms has any legal significance and demands strict proof thereof.

## FACTS

17. Discover denies the allegations in this paragraph and demands strict proof thereof.

18. Discover admits that it has reported a Discover account as owed by Plaintiff and, at times, past due. In further response, Discover admits that its credit reporting speaks for itself and denies the allegations of this paragraph to the extent they are inconsistent with its credit reporting.

19. Discover denies the allegations in this paragraph and demands strict proof thereof.

20. Discover admits that it received disputes from Plaintiff regarding its credit reporting from Equifax, TransUnion and Experian. Discover is otherwise without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

21. Discover admits that it received disputes from Plaintiff regarding its credit reporting from Equifax, TransUnion and Experian. Discover is otherwise without sufficient information and

knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

22. Discover admits that its credit reporting records speak for themselves; otherwise, denied.

23. Discover admits that its credit reporting records speak for themselves; otherwise, denied.

24. Discover admits that its credit reporting records speak for themselves; otherwise, denied.

25. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

26. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

27. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

28. Discover denies the allegations of this paragraph and demands strict proof thereof.

29. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

30. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

31. The allegations of this paragraph are not directed at Discover, and, therefore, no response is required. To the extent a response is required, Discover denies the allegations of this paragraph and demands strict proof thereof.

32. Discover is without sufficient information and knowledge to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies the same and demands strict proof thereof.

33. Discover denies the allegations of this paragraph and demands strict proof thereof.

34. Discover denies the allegations of this paragraph, including the allegation that it has reported any false information regarding Plaintiff, and demands strict proof thereof.

35. Discover denies the allegations of this paragraph and demands strict proof thereof.

## COUNT ONE:

## CLAIM FOR RELIEF AS TO FURNISHER DEFENDANT

## 15 U.S.C. § 1681s-2[b]

36. Discover restates and realleges its responses to the preceding paragraphs as if fully set forth herein.

37. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

38. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

39. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

40. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

41. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

42. Discover denies the allegations of this paragraph and demands strict proof thereof.

43. Discover denies the allegations of this paragraph and demands strict proof thereof.

## COUNT TWO

### CLAIM FOR RELIEF AS TO Equifax, TransUnion and Experian

### 15 U.S.C. § 1681e[b]

44. Discover restates and realleges its responses to the preceding paragraphs as if fully set forth herein.

45. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

46. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

47. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

48. Discover denies the allegations of this paragraph and demands strict proof thereof.

49. Discover denies the allegations of this paragraph and demands strict proof thereof.

## COUNT THREE

### CLAIM FOR RELIEF AS TO Equifax, TransUnion and Experian

### 15 U.S.C. § 1681i[a]

50. Discover restates and realleges its responses to the preceding paragraphs as if fully set forth herein.

51. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

52. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

53. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

54. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

55. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

56. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

57. Discover denies the allegations of this paragraph as to Discover and demands strict proof thereof.

58. Discover denies the allegations of this paragraph and demands strict proof thereof.

59. Discover denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered paragraph beginning with "WHEREFORE," and appearing below paragraph 59 of the Complaint, Discover denies that Plaintiff is entitled to a judgment in his favor or any relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has entered into an arbitration agreement that covers Plaintiff's claims against Discover. Discover reserves the right to compel arbitration and does not waive that right by filing this Answer.

**SECOND DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims must fail to the extent that Plaintiff has failed to mitigate any damages.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, including judicial estoppel, collateral estoppel, and *res judicata*.

**SEVENTH DEFENSE**

Discover pleads the general issues and states that it is not guilty of any of the allegations set forth in the Complaint.

**EIGHTH DEFENSE**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Discover had no responsibility or control and for which Discover may not be held liable.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**TENTH DEFENSE**

Plaintiff's claims are barred by the principles of equity.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent, settlement and release, acquiescence, laches, and unclean hands.

**TWELFTH DEFENSE**

Plaintiff is not entitled to attorney's fees or costs.

**THIRTEENTH DEFENSE**

Discover reserves the right to assert that venue is improper.

**FOURTEENTH DEFENSE**

If Plaintiff has suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties for whom Discover should not be held responsible.

**FIFTEENTH DEFENSE**

To the extent a violation occurred, which Discover denies, the violation was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTEENTH DEFENSE**

Plaintiff's claims must fail for lack of actual damages.

**SEVENTEENTH DEFENSE**

The claims asserted by Plaintiff against Discover are barred by any bankruptcy case filed by Plaintiff based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**EIGHTEENTH DEFENSE**

Plaintiff's claims should be barred, or at least reduced, by the doctrines of set-off and recoupment.

**NINETEENTH DEFENSE**

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against Discover would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**TWENTIETH DEFENSE**

The Complaint fails to state a claim upon which punitive damages may be awarded.

**TWENTY-FIRST DEFENSE**

Discover asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Virginia.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims for punitive damages against Discover cannot be upheld, because an award of punitive damages under Virginia law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Virginia law would violate Discover's due process rights guaranteed by the United States Constitution and by the due process provisions of the Virginia Constitution.

**TWENTY-THIRD DEFENSE**

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore,* 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims for punitive damages against Discover cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would be to violate Discover's rights under the Virginia Constitution and the United States Constitution.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims for punitive damages against Discover cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Virginia Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

**TWENTY-SIXTH DEFENSE**

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the provisions of the Virginia Constitution. These rights will be violated

unless Discover is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Discover for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred because an award of punitive damages under Virginia law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of Discover's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Discover's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the Virginia Constitution.

### TWENTY-NINTH DEFENSE

To the extent not listed above, Discover hereby incorporates all affirmative defenses set out in Fed. R. Civ. P. 8(c) as if set forth fully herein.

### RESERVATION OF DEFENSES

Discover reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 25th day of July, 2025.

                                            *s/ Rachel R. Friedman*
Rachel R. Friedman
Virginia Bar No. 93898
BURR & FORMAN, LLP
420 N. 20th St., Suite 3400
Birmingham, AL 35203
rfriedman@burr.com
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorney for Defendant
CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO DISCOVER BANK

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send an electronic service copy to:

Jason M. Krumbein
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
Jkrumbein@krumbeinlaw.com

                                            *s/Rachel R. Friedman*
Rachel R. Friedman
Virginia Bar No. 93898